[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM [MEMORANDUM] OF DECISION ON DEFENDANT'S MOTION TO DISMISSPJR APPLICATION
Pending before the court is a motion to dismiss an application for a prejudgment remedy brought by the plaintiff, Hazel Williamson, against the defendant, David Seidman. The defendant has moved to dismiss the application for a prejudgment remedy on the ground of insufficiency of service of process. In particular, the defendant claims that the "application was incomplete in that it did not include the name and residence of a person recognized to prosecute, nor was it signed by a Commissioner of the Superior Court."
General Statutes § 52-278c (a) states:
 (a) Except as provided in sections 52-278e and 52-278f, any person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents:
 (1) An application, directed to the superior court to which the action is made returnable, for the prejudgment remedy requested;
 (2) An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the CT Page 1319-P matter in favor of the plaintiff;
 (3) A form of order that a hearing be held before the court or a judge thereof to determine whether or not the prejudgment remedy requested should be granted and that notice of such hearing complying with subsection (e) of this section be given to the defendant;
 (4) A form of summons directed to a proper officer commanding him to serve upon the defendant at least four days prior to the date of the hearing, pursuant to the law pertaining to the manner of service of civil process, the application, a true and attested copy of the writ, summons and complaint, such affidavit and the order and notice of hearing.
A review of the court's file demonstrates that the plaintiff correctly included in her application for a prejudgment remedy an application, an affidavit, a blank form order allowing for the hearing date to be set and a proper form of summons directed to a sheriff ordering the sheriff to make service upon the defendant.
Practice Book § 49 mirrors the requirements of § 52-278c (a), but specifically states in subsection 7, that Form JD-CV-1 shall not be used in "(a)ny actions or proceedings in which an attachment, garnishment or repevy is sought." Instead, the cross references to the section refer to Form 103.2, entitled "Writ, Summons Direction for Attachment," as the form to be used for prejudgment remedies. Form 103.2 indicates that it is to be signed by a Commissioner of the Superior Court and is to contain the name and residence of the person recognized to prosecute.
The plaintiff's proposed writ, summons and direction for attachment lacks this information. The defect, however, is not fatal. Pursuant to General Statutes § 52-278d (a), the only issue before the court in an application for a prejudgment remedy is whether there is probable cause to sustain the validity of the plaintiff's claim. If the plaintiff meets the plaintiff's burden, the application for a prejudgment remedy shall be granted. The actual writ of attachment, however, must be subsequently served on the CT Page 1319-Q defendant.
Under General Statutes § 52-278d(b), "(t)the clerk, upon the granting of the application for a prejudgment remedy, shall deliver to the applicant's attorney the proposed writ, summons and complaint for service of process." The section also specifically gives the plaintiff the right to alter the return date of the writ, summons and complaint. Thus, it can be reasonably inferred that the plaintiff also has the right and the ability to correct any other minor defects in the writ of attachment after the court grants the application, but before it is actually served upon the defendant.
In fact, Practice Book § 51, entitled "Bond for Prosecution," states that "no such recognizance shall be discharged by any amendment or alteration of the process between the time of signing and serving it." In this case, the only matter before the court is an application for a prejudgment remedy. Part of the application contains an unsigned complaint and an unsigned writ, summons and direction for attachment. If the application is granted, the plaintiff will have to sign the application and she can change or add a recognizance, as long as the application is revised before it is signed and served.
Thus, the defendant's motion to dismiss the application of a prejudgment remedy is premature and any technical deficiency in the application can be corrected if and when the application is granted, but before the writ, summons, and complaint is served.
For the reasons stated above, the defendant's motion to dismiss is denied.
Hendel, J.